**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  09-cr-00527-DME

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GERARDO ALVARADO, a/k/a JERRY LNU,

       Defendant.

---

**ORDER SETTING TRIAL DATES AND DEADLINES**

---

      This matter is before the Court upon a review of the file.  To ensure that all pre-trial phases of the case are complete before the commencement of the jury trial,

      **IT IS HEREBY ORDERED:**

      This Order may not be modified by agreement of the parties.  Upon timely application, however, either or both parties may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.

**A.  TRIAL AND TRIAL PREPARATION SETTINGS**

      This matter has been scheduled for a **two-day jury trial** on the docket of Judge David M. Ebel, to occur in the Byron G. Rogers U.S. District Courthouse, Courtroom C202, 2d Floor, 1929 Stout Street, Denver, Colorado, to commence on **February 22, 2010, at 8:30 a.m.**  The Final Trial Preparation Conference is set for a one hour hearing on **February 11, 2010, at 2:00 p.m.** The parties are expected to be fully prepared for trial at that time.  Lead counsel who will try the case shall attend.

### B.  MOTIONS DEADLINES

a.        Pretrial motions are due January 7, 2010.

b.        Responses to pretrial motions are due January 14, 2010.

### C.  PLEA AGREEMENTS

Local Rule D.C.COLO.LCrR 11.1 is applicable in this matter.  A Notice of Disposition

shall be filed **no later than 14 days** before the above stated trial date.

### D.  TRIAL PREPARATION REQUIREMENTS

By 3:00 p.m. on February 8, 2010, the parties shall submit via email to

Ebel_Chambers@ca10.uscourts.gov the following documents:

(1)        a witness list, containing names, addresses, and estimated length of time for testimony;

(2)        an exhibit list, with stipulations for authenticity except on those exhibits noted;

(3)        a list of stipulated jury instructions plus any other disputed jury instruction tendered by

either side;

(4)        proposed *voir dire* questions to be asked by the court; and

(5)        a certification that the parties have met in an effort to settle the litigation.

**1. Conflicts in Scheduling**.  Continuances of the trial will be granted only in truly

exceptional circumstances.

**2. Jury Instructions.**  Counsel should confer as to the required jury instructions prior to

submission to avoid duplication.  Jury instructions can be submitted pursuant to my memo

regarding instructions found on the District of Colorado website.  All proposed instructions shall

be submitted via email to Ebel_Chambers@ca10.uscourts.gov.

**3. Witness List.**  At the Final Trial Preparation Conference, the parties shall also submit

an original and three copies of the final Witness List (form available at www.co.uscourts.gov) to

the court and one copy to the other party, unless previously provided.  Please be sure that first and last names are spelled correctly (using capital letters only for proper names) and that any changes in names have been noted, as one copy will be available to the court reporter to avoid the necessity of asking for the spelling of the witness' name.

**4. Exhibit List.**  At conference, the parties shall also submit an original plus three copies of the final Exhibit List (form available at www.co.uscourts.gov) to the Court and one copy to the other party, unless previously provided.

If exhibits are to be presented by CD, they shall be labeled thereon.  If they are to be presented in hard copy, labels should be affixed prior to trial.  Exhibit Labels shall be used by both parties, and may be obtained from the Clerk's Office in Room A105 of the Alfred A. Arraj Courthouse.  The Plaintiff's exhibits should be marked with the yellow labels and designated as P-1, P-2, P-3 . . . .   The Defendant's exhibits shall be marked with the blue labels and designated as D-1, D-2, D-3 . . . .   The criminal action number shall also be placed on each of the exhibit stickers.  All paper exhibits shall be bound, such as in three-ring notebooks or folders (pages should be easily moveable and in no event should the notebook be bigger than a 3-inch notebook), and the notebook or folder labeled with the following information: (i) caption, (ii) scheduled date and time, (iii) party's name and designation and (iv) "original" or "copy," and delivered to the courtroom deputy clerk on the first day of trial.  Demonstrative exhibits, documents used to refresh memory, and written Stipulations of Fact shall also be marked as exhibits.

**5. Terminology.**  At the Final Trial Preparation Conference, parties shall also submit an original and three copies of a glossary of any unusual or technical terminology.  The glossary

should also include names of persons who will be mentioned during the course of trial but are not parties to the litigation.  Capitalize proper names only.

**6. Video and Special Equipment.**  If you intend to use electronic equipment, advise the courtroom deputy clerk **no later than two weeks** before trial.

**7. Trial Briefs.**  Please advise the Court at the Final Trial Preparation Conference if you wish to file trial briefs, which may not be filed unless authorized by the Court.  Briefs requested shall be filed on a date set by the Court.  Unless otherwise specified, trial briefs shall be limited to 10 pages.

**8. Issues to be addressed at the Final Trial Preparation Conference.**   The parties shall be prepared to address the following issues:

1)  jury selection, including the need for a special jury panel and whether the parties desire the use of a jury questionnaire;

2)  sequestration of witnesses;

3)  presentation of exhibits to the jury;

4)  timing of presentation of witnesses and evidence;

5)  anticipated evidentiary issues (need for scheduling of hearings outside the presence of the jury);

6)  any stipulations as to fact or law; and

7)  any other issue affecting the duration or course of the trial.

DATED:    December  _22nd_ , 2009.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge